Moses R. Ludwig *versus* Hannah Blackinton, *Adm'x.*

It is only when the funds in the hands of the administrator are not " suffi-
cient to extend beyond the payment of the expenses of the funeral and
administrator, and the allowance to the widow and children," that it is not
necessary to appoint commissioners of insolvency on an insolvent estate;
and then only is the administrator " exonerated from the payment of any
claim of a subsequent class;" and it is then only, that he has a defence
against a suit on a legal demand, brought after the expiration of the year,
without the appointment of commissioners of insolvency.

When the administrator was appointed before the Rev. Stat. were in force,
and returned his inventory afterwards, he must account for the property
contained in it according to existing laws.

Where the plaintiff is entitled to judgment against an administrator of the
estate of an intestate, no commissioners of insolvency having been ap-
pointed, he will, by the provisions of Rev. Stat. c. 120, § 4, be entitled to
one execution against the goods and estate of the intestate for the amount
of the debt, and to another against the administrator personally for the
amount of the costs.

Exceptions from the Middle District Court, Goodenow J.
presiding.

Assumpsit to recover the amount of a bill for medical ser-
vices performed for the intestate, but not in his last sickness.
The defendant, in her brief statement, admitted that the de-
mand sued was a legal demand against the estate, but alleged
that she had fully administered upon the estate, (in manner
mentioned in the opinion of the Court,) and settled her ac-
count of administration in the Probate Court.

The defendant offered parol evidence, the facts not appear-
ing on the records, to prove an order of notice, and that the
order had been published as directed, of the settling of the
administration account of the defendant. To this evidence the
plaintiff objected, but the objection was overruled, and the tes-
timony admitted. The plaintiff then contended, that even if
the account was duly settled, that the case was not brought
within the provisions of the statute, which excused an adminis-
trator from representing the estate insolvent, and exempted
him from liability, on the ground, that the defendant had not
appropriated the assets as provided in that statute, and also on
other grounds. This objection was overruled. A verdict was

returned for the plaintiff for his damages ; and thereupon he
moved the Court for judgment, and that execution should be
awarded him for his debt against the estate of the intestate,
and for his costs against the proper goods and estate of
the defendant.   The presiding Judge ordered judgment to be
entered for both damages and costs against the goods and
estate of the intestate, and that execution should not issue, till
the further order of Court, "in consequence of the facts alleged
and proved in the brief statement of the defendant."   The
plaintiff excepted to all the rulings of the presiding Judge, ex-
cepting so much thereof as had reference to the entering of
judgment against the estate of the intestate for the amount of
the damages.   The defendant also filed exceptions as to so
much of the ruling and decision of the Judge, as ordered
judgment to be entered against the estate for the damages and
costs.

*Ruggles*, for the plaintiff, contended in his argument, that
after the expiration of the year an administrator is protected
from a suit only when the estate has been represented insol-
vent, and *commissioners have been appointed*, as provided in
Rev. St. c. 109, § 3 ; and this should appear of record ; or
when the estate is insufficient to pay more than the expenses of
the funeral and administrator and allowance to the widow and
children, as provided in the same statute, § 4.   This too
should appear by the records.   4 Mass. R. 620 ; 17 Mass. R.
386 ; 12 Mass. R. 570.   In this case no commissioners of in-
solvency have been appointed, and there is a balance in the
hands of the administratrix, after payment for the purposes
mentioned in § 4.   The administratrix settled her first and
only account since the Revised Statutes were in force, and
therefore those statutes are to govern.

In a case like this the statute is imperative, that judgment
for costs shall be rendered against the administrator *de bonis
propriis*.   Rev. St. c. 120, § 4.

The Judge erred in ordering the execution to be stayed.
The estate is not shown to be insolvent in the mode required
by the statute.

*Lowell* and *Chandler*, in their arguments for the defendant, contended that the administratrix was entitled to verdict, judgment and execution for costs in her favor ; and that therefore the decisions of the Judge were erroneous.

1. Because she has always admitted the existence of the plaintiff's demand ; has pleaded to this action *plene administravit*, and shown a compliance with the provisions of the statute of March 15, 1838, c. 322, and of Rev. St. c. 109, § 4. This is a legal defence, as well as an equitable one. Story's Pleadings, 198, 200, 202, 203, and notes ; *United States* v. *Hoar*, 2 Mason, 317 ; *Coleman* v. *Hall*, 12 Mass. R. 571 ; *Shillaber* v. *Wyman*, 15 Mass. R. 323 ; *Johnson* v. *Libby*, *ib*. 140 ; *Hunt* v. *Whitney*, 4 Mass. R. 620.

2. Because all the assets that had in fact come into the hands of the administratrix had already been absorbed in the payment of preferred debts, to which that of the plaintiff was of a subsequent class ; and so the plaintiff had no just cause of complaint, and no legal or equitable ground of action.

3. Because all the legal rights of the plaintiff were as effectually secured to him by the admission of the administratrix, as they could have been by a verdict and judgment. *Hunt* v. *Whitney*, 4 Mass. R. 620 ; *Baxter* v. *Penniman*, 8 Mass. R. 133 ; *Emerson* v. *Thompson*, 16 Mass. R. 428 ; Rev. St. c. 109, § 29.

The opinion of the Court was drawn up by

SHEPLEY J. — This case comes before the Court by bills of exception taken by each party.

It appears, that the defendant on May 14, 1840, was appointed administratrix on the estate of Nathan Blackinton, her deceased husband. She returned an inventory on November 4, 1841, and settled an account on May 12, 1842, in which she charged herself with the amount of the estate, as appraised, and obtained an allowance for items charged to balance the account. Those items of charge were for funeral expenses, Dr. Rose's bill in last sickness, taxes of deceased, a bill for legal advice and assistance and for attending Probate Courts ;

and an allowance was made by the Judge of Probate to herself. The intestate was indebted to the plaintiff; and this suit was commenced to recover the amount admitted to be due.

The defence was, that the estate was insolvent, and that it was so represented; that she had fully administered the same; and had accounted for all the assets, which had come to her hands. She relied upon the provisions of the statute c. 109, § 4, as a perfect defence. No commissioners of insolvency had been appointed.

The third section of that statute provides, that the Judge of Probate shall appoint commissioners, when the estate will probably be insufficient for the payment of the debts, except as provided.in the fourth section; which is in these words. "But if the funds shall not be sufficient to extend beyond the payment of the expenses of the funeral and administrator, and the allowance to the widow and children as aforesaid, it shall not be necessary to appoint commissioners; and the administrator shall be exonerated from the payment of any claim of any subsequent class."

It is only when the funds are not sufficient to extend beyond the payment of those designated claims, that it is not necessary to appoint commissioners; and then only is the administrator exonerated from the payment of any claim of a subsequent class. In this case it appears by the account settled, that the funds did extend further, and that the administratrix paid certain expenses of the last sickness and taxes due from the intestate.

As the defendant was appointed administratix before the Rev. Stat. were in force, it is contended, that she may be protected by the provisions of the act of March 15, 1838, c. 322. It is not perceived, that such could be the result, if that statute were applicable to the case, for it discharged the administrator only, when the amount of the estate should be absorbed in the payment of bills of the last sickness, the funeral expenses and the allowance to the widow; and the amount was not thus absorbed in this case by the sum paid for taxes. That statute however was repealed, and the Rev. Stat. were in force, before

the inventory in this case was returned; and the administratrix should account for the property contained in it according to existing laws.

What should be the construction or effect of those statutes, when a case is presented within their provisions, it is not now necessary to decide.

The plaintiff, being entitled to judgment, will, by the provisions of the statute, c. 120, § 4, be entitled to an execution against the goods and estate of the intestate for the amount of the debt and to another against the defendant for the amount of the costs. The exceptions taken by the defendant must be overruled, and those taken by the plaintiff sustained. And as the debt is admitted to be due, judgment is to be entered in this Court for the amount, and executions are to be issued accordingly.